UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elliot B. Holly, Civ. No.: 01-1423 JMR/FLN

Plaintiff,

v. **ORDER**

Rick Harry,

Defendant.

---

## I. INTRODUCTION

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 [Doc. No. 1]; (2) Plaintiff's Motion for Appointment of Counsel [Doc. No. 3]; and (3) Defendant's Motion to Dismiss [Doc. No. 9]. It has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant has moved to dismiss under Fed.R.Civ.P. 12(b)(1) and (6). Plaintiff must provide the Court with specific facts, if any, or explanation showing that this Court has jurisdiction over the subject matter and that there is a claim upon which relief may be granted against Defendant in this case.

Plaintiff is hereby directed to submit such response, if any, to the Court by February 22, 2002. Failure to so respond may result in dismissal of this action. Thereafter, this Court will make a

FILED DEC 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

its recommendation to the District Court in this matter.

**B. Plaintiff's Motion for Appointment of Counsel**

28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including civil rights cases. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). Rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982); In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986).

The standard for appointment of counsel in a civil case was set forth by Chief Judge Lay in Nelson v. Redfield Lithograph Printing, 728 F.2d 1003 (8th Cir. 1984), where he stated:

> We do agree that a plaintiff must establish a prima facie claim in the pleadings which, if proven, would result in some form of relief for the plaintiff. However, this statement is really no more than an acknowledgment that the appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim. If a frivolous claim has been alleged, the district court may dismiss the claim. However, once the court is satisfied that plaintiff has alleged a valid prima facie claim, then further inquiry should be alleged as to need. The court should satisfy itself that plaintiff has in good faith attempted to retain counsel and has been unsuccessful. The court should also determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.

Id. at 1005.

Eighth Circuit cases construing Nelson have held that counsel should be appointed only when necessary and that the district court should determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel. See e.g., Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986) (appointment of counsel in § 1983 case); In re Lane,

801 F.2d 1040 (8th Cir. 1986). The Eighth Circuit further explained that the decision of whether to appoint counsel involves a weighing of several factors, including the factual and legal complexity of the case and the ability of the indigent litigant to investigate and present his claims. Id. at 1043-44 (citing Johnson, 788 F.2d at 1322-23); see also, Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

After reviewing the pleadings, this Court finds that Plaintiff has not asserted frivolous claims in his civil rights action; however, neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears that Plaintiff has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, given Plaintiff's extensive experience with the legal process as evidenced by his numerous petitions for *habeas corpus* relief and other civil rights actions, this Court concludes that appointment of counsel would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied.

## III. ORDER

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff is hereby directed to submit such response, if any, to the Court by February 22, 2002. Failure to so respond may result in dismissal of this action. Thereafter, this Court will make its recommendation to the District Court in this matter;

2. Plaintiff's Motion for the Appointment of Counsel [#3] is **DENIED**.

DATED: Dec. 11, 2001

FRANKLIN L. NOEL
CHIEF MAGISTRATE JUDGE

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500