UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELLIOT B. HOLLY ,

Plaintiff,

v.

RICK HARRY,

Defendant.

Civil No. 01-1423 (JMR/FLN)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Defendant's motion to dismiss Plaintiff's complaint. (Docket No. 9.) Defendant contends that Plaintiff has failed to plead a cause of action on which relief can be granted, and that his claims for money damages are barred by the Eleventh Amendment.

Although Defendant's motion does not directly raise the issue of whether federal subject matter jurisdiction exists in this case, his submissions implicitly suggest that jurisdiction may be missing. Defendant states that Plaintiff has commenced several state court actions presenting claims that are similar to those presented here. (See Defendant's Memorandum in support of Motion to Dismiss, [Docket No. 7], p.3; Affidavit of Michael E. Burns, [Docket No. 8], pp. 1-2, ¶s 4-5.) If the claims in any of those state court actions are "inextricably intertwined" with the claims raised here, and if a judgment in Defendant's favor has been entered in any such state court action, then federal subject matter jurisdiction may be missing in this case by reason of the Rooker-Feldman doctrine. See Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000) (the Rooker-Feldman doctrine prohibits "federal district courts from exercising jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state

FILED 5-14-2
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

court"), cert. denied, 531 U.S. 1183 (2001). Furthermore, even if the federal court is not strictly barred from entertaining this action under the Rooker-Feldman doctrine, it may still be most appropriate for the federal court to abstain from hearing this matter, pursuant to the abstention principles emanating from Younger v. Harris, 401 U.S. 37 (1971).[1]

A federal court always must be satisfied that subject matter jurisdiction exists before proceeding to other issues. Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991) ("[s]ubject matter jurisdiction... is a threshold requirement which must be assured in every federal case"). In light of the Rooker-Feldman issues raised by Defendant's submissions, the Court must consider and decide whether subject matter jurisdiction exists in this case, before addressing any other claims or defenses raised by the respective parties. To help the Court resolve the threshold jurisdictional issue, the parties will be required to file additional briefs and affidavits explaining whether the federal court is (or is not) barred from exercising subject matter jurisdiction under the Rooker-Feldman doctrine. Both parties should also explain how they believe the Younger abstention principles may apply to this action.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS ORDERED** that:

---

[1] Younger and its progeny generally direct federal courts to refrain from exercising jurisdiction over cases that parallel, and might therefore interfere with, a pending state court case.

[2] The Court recognizes that Plaintiff's confinement may limit his access to legal resources; but he still should be able to respond to Defendant's arguments, and explain, in his own words, why he believes that none of his past or present state court cases should preclude the federal court from entertaining his current lawsuit.

Defendant shall file and serve his supplemental memorandum and affidavit(s) on the Rooker-Feldman and Younger issues by no later than May 31, 2002; and Plaintiff shall file and serve his supplemental memorandum and affidavit(s) on the Rooker-Feldman and Younger issues by no later than June 14, 2002; and thereafter the parties shall await the further order of the Court.

Dated: May 14, 2002

FRANKLIN L. NOEL,
United States Magistrate Judge